DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Washington County Court of Common Pleas, which sentenced Defendant-Appellant Keith Davis, who pled guilty to two counts of corruption of a minor, in violation of R.C.2907.04(A), to be incarcerated for two definite terms of eighteen months, to be served consecutively. The trial court also adjudicated appellant a sexual predator. Appellant argues that the trial court erred by imposing the maximum sentences allowed, by ordering that those sentences be served consecutively, and by adjudicating appellant a sexual predator. We disagree with appellant and affirm the judgment of the court below.
STATEMENT OF THE CASE AND FACTS
On October 14, 1999, the Washington County Grand Jury indicted appellant on four counts of corruption of a minor, in violation of R.C.2907.04(A), and appellant was arrested on the same day. On October 15, 1999, appellant was released on his own recognizance upon the condition that he have no contact with the victim.
Appellant was arraigned on October 20, 1999, at which time he waived a reading of the indictment and entered a plea of not guilty. Pursuant to a plea bargain with the prosecution, on December 6, 1999, appellant changed his not guilty plea, on the first two counts in the indictment, to one of guilty. Also pursuant to the agreement, the prosecution dismissed the remaining two counts of the indictment. Bond was continued pending a subsequent sentencing and sexual offender status hearing. A pre-sentence investigation was ordered by the court, which the court received on January 10, 2000.
On February 22, 2000, the prosecution filed a motion to revoke bond based on reports it had received that appellant had made "sexual or romantic overtures" toward other minor females. A hearing was held on the motion to revoke on that same date. Testimony was presented regarding attempts made by appellant to kiss a fourteen-year-old girl and other questionable contact with female juveniles. The court revoked appellant's recognizance bond, and no further bond was ordered.
On February 24, 2000, a sentencing and sexual offender status hearing was held. Both parties presented evidence as to whether appellant was a sexual predator, as defined by R.C. 2950.01, including the testimony of a number of witnesses.
Greg Nohe, an officer with the Marietta Police Department, testified concerning an interview of appellant, which he conducted. During that interview, appellant, who was then forty-six years old, told the officer about two incidents of sexual contact he had with the then thirteen-year-old victim. Appellant also described the nature of the sexual contact. Appellant was a close friend of the victim's family and told the officer during the interview that he cared deeply for the child, and that he loved her.
Officer Nohe also testified about an interview he conducted with the victim. The victim told the officer that there had been no less than four incidents of sexual contact. The officer testified that the victim expressed fear of appellant and did not reciprocate the feelings appellant expressed for her.
Another Marietta Police Officer, Mark Caldwell, also testified at the hearing. Officer Caldwell testified that he had taken the statement of a fourteen-year-old girl who stated that appellant had offered her alcoholic beverages and tried to kiss her. Officer Caldwell also testified concerning three letters that were admitted into evidence at the hearing. These letters were addressed from appellant to several teenage girls under the age of sixteen.
In one letter, appellant wrote to a thirteen-year-old girl and stated that "I wish I was thirteen again so you would be mine." Appellant ended the letter by stating, "I miss you a lot. I don't know why. Guess I love you, I guess."
The officer also testified about another letter, addressed from appellant to the victim in this case, with whom the court had ordered appellant to have no contact. The letter was to be delivered by a friend of the victim. It read in part,
Hope this finds you in good spirits. I know I am not suppose to talk to you, but I want to so bad. You know I said I never want to see you cry, and you know I mean it. You know how much I love you, and only want the best for you. I still [sic] saving money for your car, you said that I would ride with you when you got your permit.
I don't know what my fines will be, but I'll make it. I don't know how much jail time I'll get, but I'll think of you every minute. * * *.
I hear you might be pregnant. I told you to use protection, you'll [sic] smarter than that. Its not going to help to have a baby, why is your mother so mad and hate [sic] me. * * *.
I go to bed at night and think of you all night, I loss [sic] 40 lbs. Some people ask who you are, but I'll never tell — "never."
I pleaed [sic] guilty so you wouldn't have to go to jury trial, I didn't want you to go through it. I only was looking out for you. You don't have to come to the sentencing, you can send a representative to say what your mom wants to say. My friends are still by me, I am not worried. Fuck the world.
I was going to kill myself but new [sic] you would not want me to.
I'll always be there for you, cause you know I love you so much, remember I said, "can't get enough of you." I'll send you money through Amy or someone to hold you if you do have a baby. I pray for you every day. (Emphasis sic.)
Your phone is not tapped, I want you to call me so I can cheer you up. * * * Call in the hallway at lunch if you can, you tell Amy what time you can call, 1-2 AM — Please — you owe me. Please, Love you.
Aside from conducting a cross-examination of the two officers, appellant presented no evidence or testimony at the hearing. The parties then made closing statements to the court. The court then rendered its decision, and stated, "Having considered the statements made today, the factors in 2950.09, this court is convinced, by clear and convincing evidence, that Mr. Davis meets the definition for sexual predator, and so makes that determination at this point."
The court then proceeded to sentencing, at which time the victim's mother made a statement, followed by a statement by appellant. The court imposed sentences of eighteen months for each count and ordered that those sentences be served consecutively.
Appellant filed a timely notice of appeal and presents the three following assignments of error for our review.
 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM PRISON TERMS ON EACH COUNT IN THIS CASE.
 II. THE TRIAL COURT ERRED IN REQUIRING APPELLANT TO SERVE THE PRISON TERMS IMPOSED IN EACH COUNT CONSECUTIVELY.
 III. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT IS A SEXUAL PREDATOR, AS DEFINED BY R.C. 2950.
 I.
Appellant's First Assignment of Error asserts that the trial court's imposition of the maximum sentence allowable for each count was in error. Appellant acknowledges the trial court's express findings that appellant committed the worst form of the offense and posed the greatest likelihood of recidivism. However, appellant argues that the imposed maximum sentence was erroneous because the record does not support the court's findings.
An offender who has received a maximum term of imprisonment has a statutory right to appeal that sentence. See R.C. 2953.08. An appellate court may not reverse the sentence imposed by the trial court, unless the court finds, by clear and convincing evidence that the sentence is contrary to law or unsupported by the record. See R.C. 2953.08(G)(1)(a) and (d); see, also, State v. Goff (1999), Washington App. No. 98CA30, unreported. "Clear and convincing evidence" refers to a degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 556 N.E.2d 54, 60.
The legislature has laid out various factors and purposes that a sentencing court must consider before determining the proper sentence an offender should receive. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported. "[T]he legislature's imposition of standards * * * amounts to a statutory definition of abuse of discretion * * *."Id. In conducting our review, we must determine the following four issues: 1) whether the trial court considered the statutory factors; 2) whether the trial court made the required findings; 3) whether there was substantial evidence in the record to support those findings; and, 4) whether the trial court's ultimate conclusion was clearly erroneous. Seeid.
Felony sentences must comply with the overriding purposes of sentencing as outlined in R.C. 2929.11. See State v. McConnaughey (Mar. 4, 1998), Athens App. No. 97CA39, unreported. The trial court must specifically be directed by the dual overriding purposes of protecting the public from future crimes the offender may commit and punishing the offender. See R.C. 2929.11(A). To achieve these overriding purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. The sentencing court must further choose a sentence that is commensurate with, and not demeaning to, the seriousness of the offender's conduct and the impact on the victim. See R.C. 2929.11(B).
In determining how to accomplish the purposes of sentencing found in R.C. 2929.11, the trial court must consider the factors set out in R.C.2929.12. Once the trial court determines that it is required to impose a prison sentence instead of community control sanctions, it must impose the shortest prison sentence authorized, unless it finds, on the record, that the shortest prison term either demeans the seriousness of the offender's conduct or does not adequately protect the public from future crime by this defendant or other persons. See R.C. 2929.14(B). R.C. 2929.14(C) sets forth the specific circumstances under which a trial court may impose the maximum prison term on an offender.
Maximum sentences are reserved for (1) offenders who have committed the worst forms of the offense; (2) offenders who pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and, (4) certain repeat offenders. See R.C. 2929.14(C); see, also, Goff, supra; State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13, unreported. The court must find, on the record, that the offender satisfies one of the four classifications before it can impose a maximum sentence on an offender. See Goff, supra. The trial court must also state on the record its reasons for imposing the maximum sentence. See id. This court will uphold a maximum sentence by a trial court if its stated findings are supported by the record. See id.; State v. Rose (Sept. 15, 1997), Clermont App. No. CA96-11-106.
As previously noted, when imposing the maximum sentence, the trial court determined that appellant had committed the worst form of the offense and also presented the greatest likelihood of recidivism, the first two categories of offenders for which a maximum sentence is proper under R.C. 2929.14(C). The court specifically found that the injury to the victim was exacerbated by her age and that the defendant had prior criminal convictions making it likely that he would commit future crimes.
Appellant argues that the age of the victim could not exacerbate the crime since the crime charged, corruption of a minor, necessarily always involves a minor. However, the trial court did not rely solely on the age of the victim to determine that appellant had committed the worst form of the crime. The trial court stated in open court that appellant had committed the worst form of the offense as the victim was in her own house, in her own bedroom, when appellant committed this crime. However, the trial court also noted the abuse of appellant's position of trust and responsibility arising from his close friendship with the victim's family, which resulted from the commission of this crime.
Appellant also argues that he did not cause any physical harm to the victim. However, physical harm is not the only harm that can turn an offense into the worst form of that offense. The trial court noted the psychological harm that the victim suffered and the fact that she was undergoing counseling as a result of the crime perpetrated upon her by appellant.
The trial court also determined that imposing the minimum sentence would demean the seriousness of the crime, would not protect the public, nor would it appropriately punish the offender, since he caused harm to the victim and committed the worst form of the offense. The trial court further stated on the record, that it considered the record, the oral statements made by the parties, the victim-impact statement, the pre-sentence investigation, the principles and purposes of sentencing as set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. Consequently, we find that the trial court considered the proper statutory factors, made the required findings which are supported by the record, and that its ultimate conclusion is not clearly erroneous. See Dunwoody, supra.
Appellant also argues that his prior convictions for operating a motor vehicle while intoxicated in 1974, and for writing a bad check, for which appellant was fined, do not support a finding that he poses the greatest likelihood of recidivism. However, the court was only required to find that appellant fell into one category of offender under R.C. 2929.14(C) in order to impose a maximum sentence, and it properly did so.
Therefore, the trial court did not err by imposing the maximum sentence, and appellant's First Assignment of Error is OVERRULED.
 II.
In his Second Assignment of Error, appellant argues that the trial court erred when it ordered that the sentences imposed upon him by the trial court be served consecutively. We disagree.
In order to impose consecutive sentences, a trial court must make certain findings and give its reasons for selecting consecutive sentences. See R.C. 2929.19(B)(2)(c); State v. Brice (June 9, 1999), Lawrence App. No. 98CA24, unreported. R.C. 2929.14(E)(3) provides:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
At the sentencing hearing and in its journalized entry, the trial court made the following findings: (1) consecutive sentences are necessary to protect the public from future crime and to punish appellant; (2) consecutive sentences are not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public; (3) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as a part of a single course of conduct adequately reflects the seriousness of the defendant's conduct; and, (4) appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public.
We find that the trial court's findings satisfy the requirements set forth in R.C. 2929.14(E)(3) and 2929.19. Appellant's Second Assignment of Error is hereby OVERRULED.
 III.
In appellant's Third Assignment of Error, he argues that the trial court erred by classifying him as a sexual predator pursuant to R.C. Chapter 2950. We disagree.
R.C. 2950.01(E) defines a "sexual predator" as one who has been convicted of or pled guilty to a "sexually oriented offense" and is likely to engage in one or more sexually oriented offenses in the future. A "sexually oriented offense" includes any one of a variety of listed offenses, including a violation of R.C. 2907.04, when the victim is under the age of eighteen, the very offense to which appellant pled guilty in the case sub judice. See R.C. 2950.01(D)(2)(a).
A hearing to determine whether the offender is a sexual predator must be conducted by the trial court and both the prosecutor and the offender must be allowed to offer testimony, cross-examine witnesses, and offer evidence. See R.C. 2950.09(B)(1).
R.C. 2950.09(B)(2) provides that the trial court "shall consider all relevant factors," when determining if an offender is a sexual predator. The statute further states that the trial court is not limited to, but should consider the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)(a)-(j).
The trial court's determination that appellant is a sexual predator will not be reversed as being against the manifest weight of the evidence if there is some competent, credible evidence to support its judgment. See State v. Morris (July 18, 2000), Washington App. No. 99CA47, unreported, citing State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 280,376 N.E.2d 578, 579.
The trial court issued its finding regarding appellant's sexual predator status on the record. The lower court stated, "Having considered the statements made today, the factors in 2950.09, this court is convinced, by clear and convincing evidence, that [appellant] meets the definition for sexual predator, and so makes that determination at this point." In its journalized entry, the trial court stated that it reviewed the pre-sentence report as well. While the court did not lay out specific reasons for its judgment, there is ample evidence in the record to support the judgment of the trial court.
The letters written by appellant to the victim and other young girls, which were entered into evidence at the hearing, are alone sufficient evidence to show that appellant presented the greatest likelihood of committing future sexual offenses. His persistence in attempting to contact the victim in this case, even after ordered not to do so, along with his continued insistence that he loved her and the other young girls he wrote to, shows a propensity to continue in the type of conduct for which he was convicted and sentenced in this case.
We find that there is clearly some competent, credible evidence to support the trial court's determination that appellant is a sexual predator and OVERRULE appellant's final assignment of error.
The judgment of the trial court is hereby AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the WASHINGTON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Harsha, J., and Kline, J. Concur in Judgment and Opinion.